**DELSEA DRIVE–IN THEATRES, INC.,**
**Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REV-**
**ENUE, Respondent.**

**No. 15927.**

United States Court of Appeals
Third Circuit.

Argued Dec. 21, 1966.

Decided May 15, 1967.

G. Fred DiBona, Philadelphia, Pa. (Alfred J. Di Bona, Jr., Philadelphia, Pa., on the brief), for petitioner.

Robert I. Waxman, Dept. of Justice, Tax Division, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before BIGGS, HASTIE and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The petitioner, Delsea Drive-In Theatres, Inc., a New Jersey corporation, seeks review of a decision of the United States Tax Court. The Commissioner assessed deficiencies in Delsea's income taxes for the years 1959, 1960 and 1961, resulting from the denial of deductions of $12,500 for each of the contested years. Delsea claimed these deductions as ratable portions of consideration for a covenant not to compete, as described hereinafter. The Tax Court decided these sums were not deductible.

The pertinent facts as found by the Tax Court are as follows: Hellman, by 1951, had operated the Lincoln Drive-In Theatre in the Philadelphia area for some years. In 1951 he negotiated a lease of land in what is now Levittown, an important Delaware Valley-development area, for a new drive-in theatre, and then learned that the Sablosky group

represented by Fox was planning to build a drive-in theatre on land adjoining that which he had leased. Hellman got in touch with Fox and the latter persuaded the Sabloskys not to build their proposed competing drive-in theatre. In 1953 Fox and Hellman formed Roosevelt Drive-In Theatre, Inc., which operated the Roosevelt Drive-In Theatre in Levittown on the land leased by Hellman. Fox and Hellman controlled equal amounts of stock, and Hellman acted as manager. Fox and Hellman fell out and it was agreed that Delsea, in which Fox was the majority stockholder, would purchase the stock of the Hellman interests in the Roosevelt Company for $175,000. At the same time Fox and Hellman concluded an agreement not to compete. We will assume, as did the Tax Court in substance, that Delsea was entitled to the benefits of the agreement not to compete.

■■ The Tax Court concluded that the petitioner did not intend to allocate any portion of the $175,000 to the agreement not to compete and was thus not entitled to the deductions. The Court reached this conclusion from the absence of any mention of the agreement not to compete in the stock purchase agreement and from the lack of any stated monetary consideration in the agreement not to compete. Since the absence of such facts from the record is not conclusive, United Finance and Thrift Corp., 31 T.C. 278, aff'd 282 F.2d 919, 922 (4 Cir.), cert. denied 366 U.S. 902, 81 S.Ct. 1045, 6 L.Ed.2d 202 (1960), the Tax Court examined the record as a whole and found nothing inconsistent with its conclusion. As it points out in its opinion, although the parties may have considered the agreement not to compete to be valuable, " 'if the parties did not intend that a part of the purchase price be allocated to * * * [an] important and valuable covenant, that intention must be respected.' Anabelle [Annabelle] Candy Co. v. Commissioner, 314 F.2d 1 [7] (9 Cir. 1962)."

See Commissioner of Internal Revenue v. Danielson (Commissioner of Internal Revenue v. Sherman, Commissioner of Internal Revenue v. Estate of Schaffner, and Commissioner of Internal Revenue v. McLennan), 378 F.2d 771 (3 Cir. 1967).

The decision of the Tax Court will be affirmed upon the opinion of Judge Atkins.