**LESLIE S. RAY INSURANCE AGENCY, INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 72-1111.

United States Court of Appeals, First Circuit.

Submitted June 16, 1972.

Decided July 12, 1972.

Glovsky & Glovsky, Beverly, Mass., on brief for appellant.

Scott P. Crampton, Asst. Atty. Gen., Joseph L. Tauro, U. S. Atty., Gilbert E. Andrews, William A. Friedlander, and Issie L. Jenkins, Attys., Tax Division, Department of Justice, on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an action brought in the district court to recover alleged over-payments of income tax. Plaintiff taxpayer testified by deposition of its president and sole stockholder, one Ray. The government offered Ray's deposition and certain purchase and sales contracts, and moved for summary judgment of dismissal. This the court granted, and taxpayer appealed. Believing that no construction of the evidence warrants recovery, we affirm.

Taxpayer conducts a general insurance agency business from offices located in Beverly, Massachusetts. In 1962 and 1964 it purchased the only two agencies in nearby Hamilton, thereby hoping to corner the Hamilton insurance market. The price in both instances was computed by a "general rule of thumb," roughly at three times the gross annual commissions of the selling agency. In addition, the sellers agreed not to compete within the area, in one case for ten years and in the other for five. The purchase documents assigned no specific or separate monetary consideration for these agreements.

In its returns taxpayer sought to allocate a substantial (but different in the two cases) percentage of the purchase price to the agreements not to compete, and claimed annual deductions representing the amortization of the amounts it had allocated. The Commissioner disallowed the deductions, asserting that no part of the purchase price was properly allocable to the non-compete agreements. Taxpayer paid the additional assessments and brought this suit.

In dismissing the complaint, without opinion, the district court cited Commissioner of Internal Revenue v. Danielson, 3 Cir., 1967, 378 F.2d 771. Taxpayer says that *Danielson* was wrongly decided. We need not, however, choose be-

tween *Danielson* and the view of the circuits which do not follow it. In *Danielson* the court held that when the agreement of the parties in the sale of a going business specifically allocates the purchase price between a covenant not to compete, which is amortizable, and other assets, which may not be amortizable, the parties cannot, absent fraud, mistake or duress, adduce parole evidence to support tax treatment inconsistent with the terms of the agreement. The alternative rule, followed by many circuits, *see, e. g.*, General Ins. Agency v. Commissioner of Internal Revenue, 4 Cir., 1968, 401 F.2d 324, 329; Annabelle Candy Co. v. Commissioner of Internal Revenue, 9 Cir., 1962, 314 F.2d 1, 7, is that while the allocation in the agreement presumptively controls the tax consequences of the purchase, the parties may overcome the presumption by "strong proof" that at the time of execution of the contract, it was the intention of the parties to allocate a different amount to the covenant not to compete. This does not permit simply a unilateral showing by one party or the other, vis-a-vis the Commissioner, of what would have been a fair or equitable apportionment. It means that a taxpayer may vary the allocation stated, or implicit, in the agreement by, but only by, establishing that the parties, who have competing tax interests in the matter, agreed on a different figure when they signed the contract. *Annabelle Candy, supra*, 314 F.2d at 7; Delsea Drive-In Theatres, Inc. v. Commissioner of Internal Revenue, 3 Cir., 1967, 379 F.2d 316.

On this basis plaintiff failed completely in its allegations. At the time of the sales allocation was never mentioned, let alone agreed to. Ray concedes that he did not even have apportionment in mind. Hence were we to reject *Danielson*, and say that the written terms of the agreement were not binding on a trial court—or if we were to distinguish *Danielson* by stating its inapplicability to cases where no explicit allocation has been made in the agreement, *see Danielson*, ante, 378 F.2d at

775, 777—there is no basis for finding any other agreement to contradict or to supplement the writing.

Plaintiff's seeming contention, although it speaks in its brief of the intention of the parties, that it may allocate without any agreement, by proving the fair and reasonable value of the covenant not to compete, finds no support in the cases. In this well-traveled area we do not propose to lay out a new path.

The judgment is affirmed under Local Rule 6, second paragraph.